UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>SANAM CONYERS LODGING, LLC., et al,<br><br>Debtor. | CHAPTER 11<br>Jointly Administered Under<br>CASE NO. 19-54798-WLH<br><br>JUDGE HAGENAU |

**PLAN OF REORGANIZATION FOR
OHM CONYERS LODGING, LLC**

Filed by

OHM CONYERS LODGING, LLC

Debtor and Debtor in Possession

Attorneys for Debtor
Danowitz Legal, PC
300 Galleria Parkway, Suite 960
Atlanta, GA 30339
770-933-0960

**PURPOSE OF THE PLAN**

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") is filed pursuant to Sections 1121 through 1124 of the Bankruptcy Code. The Plan proposes to pay creditors of OHM Conyers Lodging, LLC (the "Debtor") from in the manner and amounts set forth below.

**ARTICLE I**
**PLAN SUMMARY**

This Plan provides for the payment of administrative claims incurred in the Case, priority tax claims, priority wage claims, and general unsecured claims. Allowed administrative claims will be paid on the later of the Effective Date[1] or within 30 days from the date that an administrative claim is allowed. Priority Tax Claims will be paid in full, in equal monthly installments, with interest at the statutory rate, over a period of time not to exceed five years from the Petition Date. Allowed general unsecured claims will be paid the full amount of their allowed claim, with monthly payments commencing immediately after the payment of priority claims from future earnings of the reorganized Debtor.

**ARTICLE II**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

Under §1123(a)(1) of the Bankruptcy Code, 11 U.S.C.§§101 *et seq.*, administrative expense claims and priority tax claims are not in classes and, accordingly, are considered unclassified claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, or within thirty days after approval of their claim if filed after the Effective Date. These will include any U.S. Trustee fees, professional fees owed on or before the Effective Date of the Plan or becoming due after the Effective Date but before the Case is closed. Priority tax claims will be paid the full amount of the allowed

-2-

priority claim, with interest at the statutory rate, over a period not to exceed thirty-six months.

# ARTICLE III
# CLASSIFICATION OF CLAIMS AND INTERESTS

**Class A:** *Allowed Priority Tax Claims.*

**Class B:** *Allowed pre-petition claim of Hawthorn Suites and Hotels, Inc.*

**Class C:** *Allowed Secured Claims of Oconee State Bank*

**Class D:** *Secured Claim of the U.S. Small Business Administration*

**Class E***: Allowed General Unsecured Claims Less than $1,000 (Convenience Class)*

**Class F:** *Allowed General Unsecured Claims over $1,000*

**Class G:** *Equity Interests*

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN[1]

### 4.1    UNCLASSIFIED CLAIMS: Administrative Expenses

Administrative expenses are costs or expenses of administering the Debtor's Chapter 11 case which are allowed under §507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. **Holders of administrative claims must file their claims within 30 days after the Effective Date.** The Debtor will pay all known administrative claims on the Effective Date of the Plan, as required by the Bankruptcy Code, unless a particular claimant agrees to a different treatment.  Any administrative claims filed or allowed after the Effective Date will be paid within thirty days of submission or approval by the

---

[1] Claims that have been filed or that are allowed are listed by amount and class in Exhibit B.  You should refer to Exhibit B to determine the class and amount of your claim.  The amount of your claim, or of other claims, may change if the claim is disputed, contingent, or unliquidated.

-3-

Court, if required.

## 4.2 CLAIMS IN CLASSES

**CLASS A: ALLOWED PRIORITY CLAIMS OF TAXING AUTHORITIES**. The Class A Claimants will be paid the full amount of their allowed claims. The claims will be paid in full on the Effective Date, subject to availability of funds. If there are inadequate funds to pay the claims in full on the Effective Date, then the claims will be paid in regular monthly installments in cash, according to Section 1129(a)(9)(C) of the Bankruptcy Code, with simple interest at the statutory rates[2] in effect as of the calendar month in which the Plan is confirmed pursuant to Section 511 of the Bankruptcy Code. The period for payment shall be over a period ending not later than five years after the Petition Date. The amount to be paid pro-rata to claimants in this Class shall be an amount of not less than $10,000 per month commencing thirty days after the Effective Date.
CLASS A CLAIMANTS ARE UNIMPAIRED

**CLASS B: ALLOWED CLAIM OF HAWTHORN SUITES FRANCHISING TO CURE THE PRE-PETITION FRANCHISE DEFAULT.**
This claim will be paid the full amount agreed upon pursuant to the Settlement Agreement (as described in the Disclosure Statement) on the Effective Date. This amount will be $54,724.52 (40% of $136,811.31). The balance of the claim will be in the form of a forgivable note, in accord with the terms of the Settlement Agreement.
Class B CLAIMANTS ARE IMPAIRED

**CLASS C: ALLOWED SECURED CLAIMS OF OCONEE STATE BANK.**
Oconee State Bank filed a claim in the amount of $1,616,765, secured by the Debtor's real and personal property, arising under a Note which matures on March 16, 2025, which accrues interest at the rate of 4.25%. The lien of Oconee State Bank is superior to that of the SBA. Payments will continue at the Contractual rate of $9,627.22 in principal and interest, and estimated property taxes will be escrowed at the current rate of $2,156.00 per month until the maturity date of the Note. The tax escrow will be adjusted annually to conform with any changes in the property tax liabilities. These amounts are currently being paid to this Claimant pursuant to an order allowing the payment of adequate protection in this Case. Oconee State Bank will retain its lien to the same extent, priority and validity as on the Commencement Date.
THE CLASS C CLAIMANT IS IMPAIRED AND MAY VOTE ON THE PLAN.

---

[2] The statutory rate may differ among the priority claimants.

**CLASS D:  ALLOWED SECURED CLAIM OF THE U.S. SMALL BUSINESS ADMINISTRATION (SBA)**.

SBA filed a claim in the amount of $1,149,782.92, secured by Debtor's real and personal property, arising from a promissory Note that matures on May 1, 2035, which accrues interest at the contractual rate of 2.817%.  The lien of the SBA is subordinate to the lien of Oconee State Bank.  The SBA will be paid the full amount of their allowed claim at the contractual rate of interest to be amortized over thirty years. Payments will continue monthly until the contractual maturity date of May 1, 2035.  Payment of principal and interest in the amount of $4,739.79 will commence on the Effective Date and be paid monthly thereafter until the maturity date, at which time the outstanding balance will become due and owing.  The SBA will retain its lien to the same extent, priority and validity as on the Commencement Date.
THE CLASS D CLAIM IS IMPAIRED AND MAY VOTE ON THE PLAN.

**CLASS E:  ALLOWED GENERAL UNSECURED CLAIMS LESS THAN $1,000.00 (CONVENIENCE CLASS).**

 Allowed general unsecured claims less than $1,000.00 will be paid in full.  Payments will be issued pro-rata to all allowed claims in this class at the rate of not less than $10,000 ("the Plan Funding Pool") per month.  Payments will commence on the first day of the month after completion of all Class A priority tax claims. Allowed Class E claims will be paid in full.  Payments will be issued pro-rata to claimants in this class.
CLASS E CLAIMANTS ARE IMPAIRED AND MAY VOTE ON THE PLAN.

**CLASS F:  ALLOWED GENERAL UNSECURED CLAIMS.**

Allowed claims of general unsecured claimants will be paid in full.  Payments will be issued pro-rata to all allowed claims in this class at the rate of not less than $10,000 ("the Plan Funding Pool) per month.  Payments will commence on the first day of the month after completion of all Class E Convenience Class claims. Claims of allowed general unsecured claimants will be paid in full.  Payments will be issued pro-rata to claimants in this class
CLASS F CLAIMANTS ARE IMPAIRED AND MAY VOTE ON THE PLAN.

**CLASS G: EQUITY SECURITY INTERESTS.**

Equity Security Interests will retain their equity interests, but will not be entitled to receive any distributions until all Plan payments to senior classes have been made, and all allowed claims have been paid in full.
CLASS E CLAIMANTS ARE IMPAIRED AND MAY VOTE ON THE PLAN.

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.1** **Disputed Claims**. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either (i.) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. Any claim objection will be filed the later of (1) the Effective Date of the Plan, or (2) within 14 days after any amendment to a timely filed claim, or (3) within 14 days after the filing of a tardy claim.

**5.2** **Payment of Disputed and Unliquidated Claims**. No distribution will be made on account of a disputed or unliquidated claim unless such claim is allowed and liquidated by a final non-appealable court order. The Debtor has the power and authority to settle and compromise a disputed claim with Bankruptcy Court approval and in compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**5.3** **Amendments to Claims**. A claim may not be amended later than the Confirmation Date, except for amendments to Proofs of Claim to decrease the amount or the priority thereof.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1** **Assumption of Unexpired Lease and Executory Contract**. The Debtor currently has an executory contract with Hawthorn Suites Franchising, Inc., which executory contract has been assumed by order in this Case. The assumption order will be ratified upon the entry of a final order confirming the Plan. Any contracts that the Debtor entered into during the course of this Case will be assumed by the entry of a final order confirming the Plan.

**6.2** **Rejection of Executory Contracts and Unexpired Leases**. During the Case, the Debtor

rejected executory contracts with Galaxy Management, LLC [Doc. No. 228] and March 2019 Hotel Company, LLC [Doc. No. 229]. No other unexpired pre-petition leases or executory contracts are known, other than the executory contract described in the preceding paragraph 6.1. To the extent there are other unexpired pre-petition leases or executory contracts, such unexpired leases or executory contracts will be deemed rejected by the entry of a final order confirming the Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

**7.1    Plan Payments and Funding**.

The Debtor has demonstrated profitability during the pendency of the case. The average monthly income during the pendency of this case has been approximately $17,000. Upon the Effective Date of the Plan, the Reorganized Debtor will commence payments on the secured claim of the U.S. Small Business Administration, which will reduce the projected income for funding the Plan. Notwithstanding, historical revenues indicate adequate income to fund payments to other classes of creditor in an amount of not less than $10,0000 per month.

**7.2    The Reorganized Debtor**.  The post confirmation management of the Reorganized Debtor will remain the same as the management throughout this Case.

## ARTICLE VIII
## EFFECT OF CONFIRMATION

**8.1    Binding Effect of Plan.**  All of the provisions of the Plan and any amendments thereto shall be binding upon the Debtor, the Reorganized Debtor, the Estate, all Creditors, all parties in interest, and all other persons who are affected (or whose interests are affected) in any manner by the Plan. The Plan shall bind every Creditor, whether such Creditor has filed a Proof of Claim in the Case, whether the Creditor is impaired under the Plan, and whether such Creditor has

accepted or rejected the Plan. The rights and obligations of any entity named or referred to in the Plan will be binding upon, and will inure to the benefit of the heirs, successors or assigns of such person or entity.

**8.2** **Revesting of Property of the Estate**:  Confirmation of the Plan vests all property of the estate in the Reorganized Debtor free and clear of claims and interests of creditors and equity security holders, unless otherwise provided in the Plan.

**8.3** **Discharge of Debt:**  Entry of a final order confirming this Plan will result in a discharge of any debt that arose before the confirmation, unless excepted from discharge, unless excepted by statute or by order of this Court.

**8.4** **Litigation of Debtor Claims**.  To the extent the Debtor has claims against any person or entity that were disclosed in the Schedules filed in this Case or that arose after the commencement of this Case, the Reorganized Debtor will retain such claims and may prosecute such claims in any court of competent jurisdiction after confirmation of the Plan.

## IX. DEFAULT PROVISIONS:

**A. GENERAL DEFAULT PROVISIONS**:  In the event that Debtor defaults under the provisions of the Plan, any creditor or party-in-interest desiring to assert such a default shall provide Debtor with written notice of the alleged default.  Debtor shall have 30 days from the receipt of the written notice in which to cure the default.  Such notice shall be delivered by certified mail, return receipt requested, to the attorneys for Debtor at the address stated in §8-C, below.  If the default is not cured, any creditor or party-in-interest may thereafter file and serve upon counsel of Debtor a motion to compel compliance with applicable provisions of the Plan. The Court, upon finding of a material default, shall issue such orders compelling compliance with the pertinent provisions of the Plan or other such relief as determined by the Court.

**B. DEFAULT PROVISIONS FOR TAXES**: The Reorganized Debtor is required to timely file all state and federal tax returns, and timely make all tax deposits and payments during the life of the Plan. Failure to adhere to any of the above requirements will be considered an event of default. Should an event of default occur, the taxing authority alleging default shall provide Debtor with written notice of any default under the Plan. If Debtor fails to cure any default within fifteen (15) calendar days following receipt of written notice of such default, then the entire tax debt still owed to the taxing authority shall become due and payable immediately, and the taxing may collect these unpaid tax liabilities through the administrative collection provisions of the Internal Revenue Code or state law.

**C. NOTICE PROVISIONS**: In the event that the Debtor defaults under the provisions of the Plan, any creditor or party-in-interest desiring to assert such a default shall provide the Debtor with written notice of the alleged default. Notice may be given by way of certified mail, return receipt requested, statutory overnight delivery, or by first class United States Mail. Notice given by first class U.S. Mail shall be deemed received five (5) business days after placing such notice or written matter in the United States mail properly addressed to the Debtor at the address listed below:

> OHM Conyers Lodging, LLC
> Attn: Wesley Dowdy
> 2008 Eastview Pkwy, Ste 150
> Conyers, GA  30013-5717

With a copy to:

> Edward F. Danowitz, Esq.
> Danowitz Legal, PC
> 300 Galleria Parkway, Suite 960
> Atlanta, GA  30339

## X. CLOSING THE CASE

The Reorganized Debtor may apply for a final decree and seek the entry of an order closing this Case upon the substantial consummation of the confirmed Plan[3].

## ARTICLE XI
## RETENTION OF JURISDICTION

The Bankruptcy Court will retain exclusive jurisdiction of the proceedings pursuant to the Bankruptcy Code until the Proceedings are closed and further with respect to the following matters:

**11.1** To classify, allow or disallow claims and adjudicate all controversies concerning classification allowance, or liquidated amount of any Claim which are authorized to be brought.

**11.2** To enforce performance of the Plan against the Reorganized Debtor, Claimants, or any other entity, and to interpret the provisions of the Plan, the Confirmation Order, or any order entered by the Bankruptcy Court in this Case.

**11.3** To oversee and issue further appropriate orders respecting disbursement of amounts deposited as may be required by this Plan.

**11.4** To conduct hearings on valuation, as necessary, and to determine whether any party-in-interest is entitled to recover against any Person any Claim, whether arising under §506(c) of the Bankruptcy Code, or otherwise.

**11.5** To hear and determine all applications for compensation and other Administrative

---

[3] Factors to be considered for the entry of a final decree include (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether motions, contested matters, and adversary proceedings have been finally resolved.

Expenses.

**11.6** To hear and determine any and all pending adversary proceedings and contested matters.

**11.7** To determine all causes of action which may exist in favor of the Debtor and/or any of its creditors.

**11.8** To determine any modification of the Plan after confirmation pursuant to §1127 of the Bankruptcy Code.

**11.9** To determine all matters and controversies and disputes arising under or in connection with the Plan on the application, disposition or distribution of the Estate Property.

**11.10** To enter any order, including injunctions, necessary to establish and enforce the rights and powers of the Debtor and/or any of its creditors under the confirmed Plan.

**11.11** To enter a final decree pursuant to Rule 3022 of the Bankruptcy Rules.

### ARTICLE XI I
### GENERAL PROVISIONS

**12.1 Definitions and Rules of Construction.** The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. These definitions are supplemented by the definitions listed in the Definitions attached to the Disclosure Statement as **Exhibit A.**

**12.2 Severability.** If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**12.3 Captions.** The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**12.4 Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Georgia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE XIII
## DISCHARGE

Unless otherwise provided in this Plan or in the Order confirming this Plan, the entry of a final Order confirming this Plan will discharge the Debtor from any debt that arose before the date of confirmation pursuant to the provisions of 11 U.S.C. §1141(d).

## ARTICLE XIV
## CONCLUSION

The Provisions of this Plan of Reorganization satisfy the statutory requirements of a confirmable Plan.  The Debtor believes that confirmation of this Chapter 11 Plan is the most reasonable means for making meaningful distributions to creditors of OHM Conyers Lodging, LLC.  The Debtor urges all claimants to vote for the acceptance of this Plan.

*Counsel for the Debtor in Possession*

*/S/ Edward F. Danowitz*
Edward F. Danowitz
Ga. Bar No. 003180
Edanowitz@danowitzlegal.com

*Danowitz Legal, PC*
300 Galleria Parkway
Suite 960
Atlanta, Georgia 30339
770-933-0960

-12-