UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>SANAM CONYERS LODGING, LLC., et al,<br><br>Debtor. | CHAPTER 11<br>Jointly Administered Under<br>CASE NO. 19-54798-WLH<br><br>JUDGE HAGENAU |

**FIRST AMENDED PLAN OF REORGANIZATION FOR
SANAM CONYERS LODGING, LLC**

Filed by

SANAM CONYERS LODGING, LLC

d/b/a Microtel Inn and Suites Conyers

Debtor and Debtor in Possession


Attorneys for Debtor
Danowitz Legal, PC
300 Galleria Parkway, Suite 960
Atlanta, GA 30339
770-933-0960

-1-

## PURPOSE OF THE PLAN

This is the First Amended Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code"), which is filed pursuant to Sections 1121 through 1124 of the Bankruptcy Code. The Plan replaces and supersedes the plan of reorganization previously filed in this Case [Doc. No. 622]. The Plan proposes to pay creditors of Sanam Conyers Lodging, LLC d/b/a Microtel Inns and Suites Conyers (the "Debtor") from in the manner and amounts set forth below.

## ARTICLE I
## PLAN SUMMARY

This Plan provides for the payment of administrative claims incurred in the Case, priority tax claims, secured claims, and general unsecured claims. Allowed administrative claims will be paid on the later of the Effective Date[1] or within 30 days from the date that an administrative claim is allowed. Priority Tax Claims will be paid in full, in equal monthly installments, with interest at the statutory rate, over a period of time not to exceed five years from the Petition Date. Allowed general unsecured claims will be paid the full amount of their allowed claim, with monthly payments commencing immediately after the payment of priority claims from future earnings of the reorganized Debtor.

## ARTICLE II
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS

Under §1123(a)(1) of the Bankruptcy Code, 11 U.S.C.§§101 *et seq*., administrative expense claims and priority tax claims are not in classes and, accordingly, are considered unclassified claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, or within thirty days after approval of their claim if filed after the Effective Date. These will include any U.S. Trustee fees, professional

-2-

fees owed on or before the Effective Date of the Plan or becoming due after the Effective Date but before the Case is closed. Priority tax claims will be paid the full amount of the allowed priority claim, with interest at the statutory rate, over a period not to exceed thirty-six months.

## ARTICLE III
## CLASSIFICATION OF CLAIMS AND INTERESTS

**Class A:** *Allowed Priority Tax Claims.*

**Class B:** *Allowed Secured* Claims *of Drs Kiran & Pallavi Patel*

**Class C:** *Allowed Secured Claims of the Small Business Association.*

**Class D:** *Allowed pre-petition claim of Microtel Inns and Suites Franchising, Inc.*

**Class E***: Allowed General Unsecure Claims in the amount of Less than $1,000.00.*

**Class F:** *Allowed General Unsecured Claims of $1,000.00 or more.*

**Class G:** *Equity Interests.*

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN[1]

**4.1      UNCLASSIFIED CLAIMS: Administrative Expenses**

Administrative expenses are costs or expenses of administering the Debtor's Chapter 11 case which are allowed under §507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. **Holders of administrative claims must file their claims within 30 days after the Effective Date.** The United States Trustee will have statutory administrative claims for all U.S. Trustee fees that accrue until the Case is closed, and

---

[1] Claims that have been filed or that are allowed are listed by amount and class in Exhibit C.  You should refer to Exhibit C to determine the class and amount of your claim.  The amount of your claim, or of other claims, may change if the claim is disputed, contingent, or unliquidated.

-3-

need not file an administrative claim for such fees. The Debtor will pay all known administrative claims on the Effective Date of the Plan, as required by the Bankruptcy Code, unless a particular claimant agrees to a different treatment.  Any administrative claims filed or allowed after the Effective Date will be paid within thirty days of submission or approval by the Court, if required.

**4.2     CLASSIFIED CLAIMS IN CLASSES**

**Class A:  Allowed Priority Tax claims.** The Class A Claimants will be paid the full amount of their allowed claims.  The claims will be paid in full on the Effective Date, subject only to availability of funds.  If there are inadequate funds to pay all of the priority tax claims in full on the Effective Date, then for those claims which are not paid in full on the Effective Date, l the claims will be paid in equal monthly installments in cash, according to Section 1129(a)(9)(C) of the Bankruptcy Code, with simple interest at the statutory rates$^2$ in effect as of the calendar month in which the Plan is confirmed pursuant to Section 511 of the Bankruptcy Code.  Such payments will commence on the Effective date and be paid in equal monthly installments of principal and interest over a period not to exceed thirty-six months, which is a period for payment not later than five years after the Petition Date. An amortization schedule for the payment of Georgia Department of Revenue Claim No. 1 is annexed hereto as Exhibit A.  An amortization schedule for the payment on Internal Revenue Service Claim No. 3 is annexed hereto as Exhibit B.  An amortization schedule of the Rockdale County Tax Commissioner Claim No. 5 is annexed hereto as Exhibit C.  The Reorganized Debtor may pre-pay any or all of these claims in the amounts set forth in the referenced exhibits, subject to availability of funds. *Class A Claimants are Unimpaired*.

**Class B**: **Allowed Secured Claims of Dr. Kiran & Pallavi Patel 2017 Foundation for Global Understanding, Inc.** Dr. Kiran & Pallavi Patel 2017 Foundation for Global Understanding, Inc**.** filed a Claim in the mount of $1,552,830.28, which claim is secured by a first priority deed to secure debt on the Debtor's 's real and personal property.  This Claim will be paid in full with interest at the rate of Wall Street Prime plus 2%, which at the time of the filing of this Plan equal an APR of 5.25%.  The loan will be amortized over a period of twenty-five years with interest at the rate of 5.25%, with a balloon payment on the 61st month after the Effective Date, or upon a sale of the real property securing this obligation.  Monthly payments of $9,305.30 will commence on the Effective Date and continue in said amount for sixty consecutive months, and

---

$^2$. The IRS rate of interest is the federal short-term rate plus 2%, which is 3% as of November 1, 2020.  The DOR rate of interest is the Wall Street prime rate of interest in January of the year plus 3%.  The prime rate in January of 2020 was 4.75%, and the DOR claims will be amortized at the rate of 7.75%.

the outstanding balance will be paid on the 61st month.  An amortization table of this obligation is annexed hereto as Exhibit D.  The Class B Claimant will retain its lien to the same priority, extent, and validity as on the Commencement Date, but will release all liens and claims against the reorganized Debtor's property upon receipt of the final payment under this Plan.
*The Class B Claimant is Impaired*

**Class C:  Allowed Secured Claim of U.S. Small Business Administration.** SBA filed a claim in the amount of $1,085,782.56, secured by a second priority deed to secure debt Debtor's real and personal property, arising from a promissory Note that matures on April 1, 2036, and which accrues interest at the rate of 2.300%.  The lien of the SBA is subordinate to the lien of Dr. Kiran & Pallavi Patel 2017 Foundation for Global Understanding, Inc**.**  The SBA will be paid the full amount of their allowed claim at the contractual rate of interest amortized over a period of twenty-five years.  Payment of principal and interest in the amount of $4,762.36 will commence on the Effective Date and be paid monthly thereafter until the maturity date, or upon a sale of the real property securing this obligation, at which time the balance will be come due and owing.  The SBA will retain its lien to the same extent, priority and validity as on the Commencement Date, but will release all liens and claims against the reorganized Debtor's property upon receipt of the final payment under this Plan.
*The Class C Claimant is Impaired*.

**Class D: Allowed pre-petition claim of Microtel Inns and Suites.** This claimant has a Claim for pre-petition franchise fees in the amount of $123,957.30.  Pursuant to an agreement approved by the Court, Debtor may cure this pre-petition claim by payment of 50%, with the balance to be included in a note containing provisions for forgiveness over time.  Claimant was paid $15,989.33 to be applied toward this amount on April 6, 2020.  Claimant has agreed to accept payment of the outstanding balance of $45,989.33 by way of payment in the amount of $33,593.59 on the Effective Date, with the balance of $12,395.77 to be paid within twelve months after the Effective Date.
*The Class D Claimant is Impaired.*

**Class E: Allowed General Unsecured Claims Less Than $1,000.00 (Convenience Class).**
All allowed claims of less than $1,000.00 will be paid on the Effective Date.  Claimants having claims greater than $1,000.00 may elect to be classified in this Class and, upon doing so, will be entitled to payment of $999.99 on the Effective Date.
*Class E Claimants are Impaired.*

**Class F: Allowed General Unsecured Claims More Than $1,000.00** Allowed claims of general unsecured claimants will be paid the full principal amount of such claim.  Payments will be issued pro-rata to all allowed claims in this class at the rate of not less than $6,000.00 per month from the Plan Funding Pool following the final payment of Class A priority tax claims.

Payments will be issued pro-rata to claimants in this class.
*Class F Claimants are Impaired.*

**Class G: Equity Interests.** Equity Security Interests will retain their equity interests, but will be prohibited from receiving any distributions until all Plan payments to senior classes have been made, and all allowed claims have been paid in full
*Class G Claimants are Impaired.*

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.1    Disputed Claims**. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either (i.) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. Any claim objection will be filed the later of (1) the Effective Date of the Plan, or (2) within 14 days after any amendment to a timely filed claim, or (3) within 14 days after the filing of a tardy claim.

**5.2    Payment of Disputed and Unliquidated Claims**.  No distribution will be made on account of a disputed or unliquidated claim unless such claim is allowed and liquidated by a final non-appealable court order. The Debtor has the power and authority to settle and compromise a disputed claim with Bankruptcy Court approval and in compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**5.3    Amendments to Claims**.  A claim may not be amended later than the Confirmation Date, except for amendments to Proofs of Claim to decrease the amount or the priority thereof.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1    Assumption of Unexpired Lease and Executory Contract**.  The Debtor currently has

an executory contract with Microtel Inns and Suites Franchising, Inc., which executory contract has been assumed by order in this Case.

**6.2** **Rejection of Executory Contracts and Unexpired Leases**.  No other unexpired leases or executory contracts are known, other than the executory contract described in the preceding paragraph 6.1.  To the extent there are other unexpired leases or executory contracts, such unexpired leases or executory contracts will be deemed rejected by the entry of a final order confirming the Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

**7.1** **Plan Payments and Funding**.

Debtor has operated the Hotel profitably during this Chapter 11 Case.  The Debtor has reported positive cash flow during this Case, and during the twelve-month period commencing July 1, 2019 and ending June 30, 2020, a positive cash flow of $148,634.11; or a monthly average of $12,386.18.  This has been the case, notwithstanding the general effect of the COVID-19 pandemic on most service-related industries, such as hotels and motels, and a cash flow of -$25,546.32 in the most pandemic affected month of April 2020.  The Hotel has shown highly positive cash flow in the subsequent months of May and June of 2020.

After the required payments to creditors on the Effective Date of the Plan, the Reorganized Debtor will have the responsibility of making Plan payments In addition to the ordinary expenses paid during this Case, the Debtor will be committing a minimum of $6,000.00 per month to pay priority taxes and then general unsecured claims, plus payments to the SBA of $4,762.36 on the second priority deed to secure debt on the Hotel. Payment

**7.2** **The Reorganized Debtor**.  Post confirmation, management of the Hotel by the

Reorganized Debtor will be with Sunita Patel, the Manager of Sanam Conyers Lodging, LLC.

# ARTICLE VIII
# EFFECT OF CONFIRMATION

**8.1     Binding Effect of Plan.**  All of the provisions of the Plan and any amendments will be binding upon the Reorganized Debtor, the Estate, all Creditors, all parties in interest, and all other persons who are affected (or whose interests are affected) in any manner by the Plan.  The Plan shall bind every Creditor, whether such Creditor has filed a Proof of Claim in the Case, whether the Creditor is impaired under the Plan, and whether such Creditor has accepted or rejected the Plan. The rights and obligations of any entity named or referred to in the Plan will be binding upon, and will inure to the benefit of the heirs, successors or assigns of such person or entity.

**8.2     Revesting of Property of the Estate**:  Confirmation of the Plan vests all property of the estate in the Reorganized Debtor free and clear of claims and interests of creditors and equity security holders, unless otherwise provided in the Plan.

**8.3     Discharge of Debt:**  Entry of a final order confirming this Plan will result in a discharge of any debt that arose before the confirmation, unless excepted from discharge, unless excepted by statute or by order of this Court.

**8.4     Litigation of Debtor Claims**.  To the extent the Debtor has claims against any person or entity that were disclosed in the Schedules filed in this Case or that arose after the commencement of this Case, the Reorganized Debtor may prosecute such claims in any court of competent jurisdiction after confirmation of the Plan.

### IX. DEFAULT PROVISIONS:

**A. GENERAL DEFAULT PROVISIONS.**

In the event the Reorganized Debtor defaults under the provisions of the Plan, any Claimant or party-in-interest desiring to assert such a default shall provide the Debtor with written notice of the alleged default. The Reorganized Debtor will then have 30 days from the receipt of the written notice in which to cure the default. Any notice of default must be delivered to the Reorganized Debtor and to attorneys for the Reorganized Debtor in the manner stated hereinafter. If the default is not cured, any creditor or party-in-interest may thereafter exercise all remedies available to such Claimant against the Reorganized Debtor or against property in which such Claimant has a valid and perfected security interest.

**B. DEFAULT PROVISIONS FOR TAXES:**

Notwithstanding anything in this Plan to the contrary, the Bankruptcy Court will not retain jurisdiction with respect to tax claims. A failure by the Reorganized Debtor to timely file tax returns and pay any future amounts due or to make a payment to a tax claimant pursuant to the terms of the Plan shall be an event of default. If the Reorganized Debtor fails to cure an event of default as to tax payments within fifteen (15) days after the date of a written notice of default by the tax claimant to the Reorganized Debtor and its attorney, then the tax claimant may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies that such tax claimant may have under applicable state of federal law, and/or (c) seek such relief as may be appropriate in the bankruptcy court.

**C. NOTICE PROVISIONS**

Notice may be given by way of certified mail, return receipt requested, statutory overnight delivery, or by first class United States Mail. Notice given by first class U.S. Mail

shall be deemed received five (5) business days after placing such notice or written matter in the United States mail properly addressed to the Debtor at the address listed below:

> Sanam Conyers Lodging, LLC
> Attn: Sunita Patel
> 1659 Centennial Olympic Parkway, NE
> Conyers, GA 30013-6547

With a copy to:     Edward F. Danowitz, Esq.
Danowitz Legal, PC
300 Galleria Parkway, Suite 960
Atlanta, GA 30339

## X. CLOSING THE CASE

The Reorganized Debtor may apply for a final decree and seek the entry of an order closing this Case upon the substantial consummation of the confirmed Plan[3].

## ARTICLE XI
## RETENTION OF JURISDICTION

The Bankruptcy Court will retain exclusive jurisdiction of the proceedings pursuant to the Bankruptcy Code until the Proceedings are closed and further with respect to the following matters:

**11.1**     To classify, allow or disallow claims and adjudicate all controversies concerning classification allowance, or liquidated amount of any Claim which are authorized to be brought.

**11.2**     To enforce performance of the Plan against the Reorganized Debtor, Claimants, or any

---

[3] Factors to be considered for the entry of a final decree include (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether motions, contested matters, and adversary proceedings have been finally resolved.

other entity, and to interpret the provisions of the Plan, the Confirmation Order, or any order entered by the Bankruptcy Court in this Case.

11.3   To oversee and issue further appropriate orders respecting disbursement of amounts deposited as may be required by this Plan.

11.4   To conduct hearings on valuation, as necessary, and to determine whether any party-in-interest is entitled to recover against any Person any Claim, whether arising under §506(c) of the Bankruptcy Code, or otherwise.

11.5   To hear and determine all applications for compensation and other Administrative Expenses.

11.6   To hear and determine any and all pending adversary proceedings and contested matters.

11.7   To determine all causes of action which may exist in favor of the Debtor and/or any of its creditors.

11.8   To determine any modification of the Plan after confirmation pursuant to §1127 of the Bankruptcy Code.

11.9   To determine all matters and controversies and disputes arising under or in connection with the Plan on the application, disposition or distribution of the Estate Property.

11.10   To enter any order, including injunctions, necessary to establish and enforce the rights and powers of the Debtor and/or any of its creditors under the confirmed Plan.

11.11   To enter a final decree pursuant to Rule 3022 of the Bankruptcy Rules.

## ARTICLE XI I
## GENERAL PROVISIONS

12.1  **Definitions and Rules of Construction.**  The definitions and rules of construction set

forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. These definitions are supplemented by the definitions listed in the Definitions attached to the Disclosure Statement as **Exhibit B.**

**12.2**   **Severability.** If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**12.3**   **Captions.**  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**12.4**   **Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Georgia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE XIII
## DISCHARGE

Unless otherwise provided in this Plan or in the Order confirming this Plan, the entry of a final Order confirming this Plan will discharge the Debtor from any debt that arose before the date of confirmation pursuant to the provisions of 11 U.S.C. §1141(d).

## ARTICLE XIV
## CONCLUSION

The Provisions of this Plan of Reorganization satisfy the statutory requirements of a confirmable Plan.  The Debtor believes that confirmation of this Chapter 11 Plan is the most reasonable means for paying all creditors the full amounts of their allowed claims in this Case, and Sanam Conyers Lodging, LLC urges all claimants to vote for the acceptance of this Plan.

This 5th day of November 2020.

*Counsel for the Debtor in Possession*

*/S/ Edward F. Danowitz*
Edward F. Danowitz
Ga. Bar No. 003180
Edanowitz@danowitzlegal.com

**Danowitz Legal, PC**
300 Galleria Parkway
Suite 960
Atlanta, Georgia 30339
770-933-0960

**CERTIFICATE OF SERVICE**

    I certify that I have electronically filed the *Debtor's Plan of Reorganization* with the Clerk of Court using the CM/ECF system, which will send electronic notification to all users who have consented to such service pursuant BLR 5005-8 and General Order 25-2018.

    This 5th day of November 2020.

                              */S/ Edward F. Danowitz*
                              Edward F. Danowitz
                              Ga Bar No. 003180

***Danowitz Legal, P.C****.*
300 Galleria Parkway NW
Suite 960
Atlanta, GA 30339
770-933-0960